UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**TRACY EDDINGTON,**
    **PLAINTIFF,**

V.

**WAL-MART STORES EAST, L.P., AND**
**WAL-MART STORES, INC.**
    **DEFENDANTS.**

GAFKAY & GARDNER, PLC
BY:    JULIE A. GAFKAY (P53680)
        TRAVIS I. DAFOE (73059)
Attorneys for Plaintiff        **'DEMAND FOR JURY TRIAL'**
175 S. Main Street
Frankenmuth, MI 48734
989-652-9240
jgafkay@gafkaylaw.com
tdafoe@gafkaylaw.com

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between the parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

**COMPLAINT AND JURY DEMAND**

    PLAINTIFF, Tracy Eddington, asserts claims for violation of her civil rights under The Civil Rights Act of 1964, The Michigan Elliott-Larsen Civil Rights Act, and The Equal Rights Under the Law, 42 U.S.C. § 1981. Additionally, claims are filed for violation of her Family Medical Leave Act rights. In support of her claims Plaintiff states:

1. Plaintiff is a resident of Saginaw, Michigan, which is located in Saginaw County.

2. Wal-Mart Stores East, L.P. does business as Wal-Mart and has two locations in Saginaw County and throughout Michigan.

3. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, because the Plaintiff asserts claims under the Family Medical Leave Act, 29 U.S.C. § 260, The Civil Rights Act of 1964, 42 U.S.C. § 2000, The Equal Rights Under the Law, 42 USC §1981. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the claim under the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101.

4. Venue is proper in the the District Court for the Eastern District of Michigan Northern Division as the facts and circumstances that form the basis of the claims occurred in Saginaw County.

## Background facts

5. Plaintiff, Tracy Eddington began working for the Defendants Wal-Mart, (Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. hereafter both are referred to as Wal-Mart) on or about August 3, 2005.

6. Plaintiff was a cashier at the time of her discharge.

7. Plaintiff is an African American female.

8. Plaintiff's last day of work was on or about February 24, 2011.

9. Plaintiff was terminated on February 25, 2011.

10. On or about February 24, 2011, Plaintiff, as cashier in charge of the self-service checkouts approached a caucasian customer and reminded her that the self-service checkout lines were only for individuals with 20 or fewer items.

11. The customer had more than 20 items.

12. The customer was rude in her response to Plaintiff, and continued to check out.

13. Plaintiff walked back to her work station.

14. The customer approached the Plaintiff again and asked why she was shaking her head. The Plaintiff responded that she was not. The customer asked why

had Plaintiff told them they could not use the self-service checkout. Plaintiff informed the customer that the sign and company policy are that only customers with fewer than 20 items can use the self-service checkout.

15. Without denying that she had more than 20 items, the customer said Plaintiff would not have said anything to the customer if the customer had been black.

16. The Plaintiff denied that as untrue. The Customer then said "Niggers" and walked away.

17. The customer went to customer service to complain. After being summoned, Plaintiff asked the customer to tell the Customer Service Manger that she called the Plaintiff a "Nigger."

18. Later that day, still frustrated and talking to a friend in the break room, Plaintiff cursed.

19. The Plaintiff was asked to write a statement about the incident with the customer, but told specifically not to write anything about being called a "Nigger."

20. The caucasian manager in charge that day did not terminate the Plaintiff, instead Wal-Mart waited until the next day when an African American manger was working.

21. Plaintiff's termination notice stated she was terminated for cursing and treatment of a customer.

22. Plaintiff's work record was good. In fact, her reviews provided that she exceeded expectations with respect to customer service.

23. February 24, 2011 was Plaintiff's first day back from FMLA.

24. Upon information and belief, many other employees have cursed at work and not been terminated. In fact, Plaintiff heard a caucasian section supervisor curse over the walkie-talkies and was not terminated.

25. Wal-Mart's reasons for termination were pretext for discrimination and retaliation.

Count I - Defendant discriminated against the Plaintiff in violation of the Civil RIghts Act of 1964, 42 U.S.C. § 2000e.

26. Plaintiff incorporates by reference paragraphs 1 – 25.

27. At all material times, Defendants were an employer, covered by the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

28. Plaintiff's race was a factor that made a difference in Defendants' decision to subject her to wrongful and discriminatory treatment described above.

29. Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

30. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

31. If Plaintiff had been white, she would not have been treated in the manner described.

32. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment, and loss of professional reputation.

## Count II - Defendants retaliated against the Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

33. Plaintiff incorporates by reference paragraphs 1– 32.

34. Defendants retaliated against Plaintiff for having complained about race discrimination in the workplace as described above.

35. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

36. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment, and loss of professional reputation.

## Count III - 42 U.S.C. § 1981 Race Discrimination Claim against Defendants.

37. Plaintiff incorporates by reference paragraphs 1 – 36.

38. Plaintiff's race was a substantial causative factor in Plaintiff's discharge.

39. Such racial discrimination is unlawful under 42 U.S.C. § 1981.

40. Plaintiff seeks all damages allowed under 42 U.S.C. § 1981, including lost wages, compensatory damages, and punitive damages.

Count IV - 42 U.S.C. § 1981 Retaliation Claim against Defendants.

41. Plaintiff incorporates by reference paragraphs 1 – 40.

42. Defendants retaliated against the Plaintiff for complaining about racial invectives aimed at her by a customer.

43. Plaintiff complained about behavior that was racial.

44. Plaintiff's complaint was a factor in her discharge.

45. Such retaliation is illegal under 42 U.S.C. § 1981 as explained by *CBOC West, Inc. v. Humphries,* 553 U.S. 442 (2008).

46. Plaintiff seeks all damages available under 42 U.S.C. § 1981, including lost wages, compensatory damages, and punitive damages..

Count V - MCL § 37.2101 *et seq.* Discrimination based on Race

47. Plaintiff incorporates by reference paragraphs 1 – 46.

48. At all material times, Plaintiff was an employee and Defendants were her employer, covered by the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq*.

49. Plaintiff's race was at least a factor that made a difference in Defendants' decision to terminate Plaintiff.

50. Defendants, by their agents, representatives, and employees, treated Plaintiff differently from similarly situated employees in terms and conditions of employment based on unlawful considerations of race.

51. Defendants' actions were intentional and in disregard of Plaintiff's rights and sensibilities.

52. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has sustained loss of earnings capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment, and loss of professional reputation.

## Count VI - Retaliation Claim under the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

53. Plaintiff incorporates by reference paragraphs 1 – 52.

54. Plaintiff's complaint about being called a "Nigger" by a customer is considered protected activity under the Michigan Elliot-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

55. Defendants retaliated against Plaintiff for making a complaint.

56. Defendants took an adverse action against Plaintiff in retaliation for her protected activity in violation of the Michigan Elliott-Larsen Civil Rights Act.

57. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has sustained loss of earnings capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment, and loss of professional reputation.

## Count VII - Defendants retaliated against Plaintiff under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

58. Plaintiff incorporates by reference paragraphs 1 – 57.

59. Defendants are an employer as defined by 29 U.S.C. § 2611(4)(A).

60. Defendants retaliated against Plaintiff for exercising her rights to take FMLA for a serious health condition.

61. Defendants' violation of the Plaintiff's rights was willful under the FMLA.

62. As a direct and proximate cause of Defendants' actions, Plaintiff was damaged.  Plaintiff requests that this court compensate the Plaintiff for his damages, which include compensatory damages, liquidated damages, equitable damages, reasonable attorney's fees, and costs.

## Relief Requested

**PLAINTIFF**, Tracy Eddington, respectfully requests this Honorable Court enter judgment in her favor against the Defendants as follows:

(A) Judgment for last wages and benefits, past and future in whatever amount she is found to be entitled to;

(B) Compensatory damages in whatever amount she is found to be entitled to;

(C) Liquidated damages;

(D) Punitive damages;

(E) An award of interest, costs, and reasonable attorneys' fees

## Jury Demand

Plaintiff, Tracey Eddington, demands a jury trial on all the claims that she is entitled to a jury in this complaint.

Respectfully submitted,
GAFKAY & GARDNER, PLC

/s/Julie A. Gafkay                              Date:Wednesday, May 1, 2013
JULIE A. GAFKAY (P53680)
KATHERINE S. GARDNER (P59050)
TRAVIS I. DAFOE (P73059)
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com
tdafoe@gafkaylaw.com